## PRESLEY v. UNITED STATES.

### No. 10822.

Circuit Court of Appeals, Ninth Circuit.

April 3, 1945.

J. Oscar Goldstein and Burton J. Goldstein, both of Chico, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant, William Robert Presley, was indicted for perjury. He pleaded not guilty and was tried before a jury, which returned a verdict of guilty. He has appealed to this court from the final judgment of conviction and sentence, assigning errors in the admission and also rejection of certain testimony and further relying on the insufficiency of the evidence to support the verdict, which it is claimed was contrary to law.

An appellate court is limited in its review of the sufficiency of the evidence to the consideration of whether there was some competent and substantial evidence. Banks v. United States, 9 Cir., 147 F.2d 628.

On or about April 5, 1944, during the trial of the case of United States v. Battrell, D.C.N.D.Cal.,[1] the appellant testified that on the 9th day of February, 1944, Battrell and he were together from approximately 4 p.m. until 8 p.m., and that during this time Battrell was not hunting ducks. Battrell was found guilty of hunting wild ducks and having them in his possession on the date of February 9, 1944.

In the instant case, the witness Leslie Eugene Mercer, State and Federal Game Warden, testified that he in the company of Officer Gerhardt saw Battrell and two other men, Don Smith and Charles Betz, at the bridge on the Biggs-Afton Road at 5 p.m. on February 9, 1944. Rudie Gerhardt, State Game Warden, testified that he was with Mr. Mercer when Battrell, Smith and Betz drove by about 5 o'clock and later that same evening he heard a series of shots in the adjoining rice field. He saw two men pick up the ducks and walk toward him. He recognized Charles Battrell as one of them and ran after and apprehended the one he did not recognize, who was later identified as Betz. Charles Battrell testified that he may have and may not have told Mr. Tirre that he shot the ducks with Betz on the 9th of February, 1944. William Tirre, United States Game and Wildlife Management Agent, testified that Charles Battrell told him at McNeill Island that he left his house at 3:30 p.m. on February 9, 1944 to go to the rice fields where he hunted ducks. He also told Tirre he was there when Officer Gerhardt ran after Betz and apprehended him. The jury saw the witnesses, heard their testimony, and were in the better position to judge their credibility. There is substantial evidence in that two witnesses stated appellant was not with Charles Battrell and where he stated he was on February 9, 1944.

The appellant contends that the trial court erred in admitting the testimony of Charles Battrell and that of William Tirre. Under the rule of Sullivan v. United States, 9 Cir., 28 F.2d 147, the Government, taken by surprise, could interrogate Charles Battrell as to inconsistent statements made by him for the purpose of refreshing his memory, and furthermore could introduce the witness Tirre to show

---

[1] No opinion for publication.

the facts to be other than stated in order to impeach the first witness, Charles Battrell. Moreover, the appellant did not except to the admission of the testimony of Charles Battrell and William Tirre. See McElheny v. United States, 9 Cir., 146 F.2d 932.

 The appellant claims error in the rejection of the testimony of Mrs. Charles Battrell as to the whereabouts of Don Smith on the afternoon and evening in question and of the testimony of Jack Presley relative to the car in which Charles Battrell visited their home with William Presley on February 9, 1944. These facts did not have any relevancy to the main issue and were properly ruled by the lower court to be collateral matter and not within the purview of cross-examination. This is also true of the testimony of Anthony B. Rocha. No exception was reserved to the testimony of Jack Presley.

Further error is alleged in the rejection of certain record books kept by Lucille Byrum, with respect to Bible classes held at the Jack Presley home and particularly the entry for February 9, 1944.

Herman A. Byrum was first placed on the stand in order to offer in evidence the record books. The following testimony took place:

"Mr. Seawell: Q. You say you made all these entries at one time? A. No. sir.

"Q. They were all made, all separate, all at separate different times? A. That is right.

"Q. Are you sure of that? A. Yes, sir.

"Q. Will you take a look at that, doesn't it appear all of those entries were made at the same evening, the same evening? A. It probably was the same evening.

"Q. You say these were all made at different times? A. All made at different times.

"Q. All made by whom? A. My wife.
*   *   *   *   *

"Q. In any event you directed her on this specific record to make out the record? A. That is what I most generally do.

"Q. What? A. That is what I most generally do.

"Q. I am asking you what you did on February 9th. A. As far as saying what I did February 9th, I can't because it is too far back.
*   *   *   *   *

"Q. * * * Ordinarily, you make out these records, but you have no particular recollection of telling her to make out a record on this particular evening? A. No, it is too far away."

Lucille Byrum was then called to the stand for the purpose of identifying the record book. Her testimony was as follows:

"Q. When did you write 'February 9, 1944?' A. I couldn't say exactly what time I wrote that down, I wouldn't be sure, I am here to tell the truth."

There is no reversible error here.

Affirmed.