## UNITED STATES v. MELLON et al.*
### No. 252.

Circuit Court of Appeals, Second Circuit.
April 18, 1938.

Lamar Hardy, U. S. Atty., of New York City (Joseph Leary Delaney, Asst. U. S. Atty., and Frederick Backer, Sp. Asst. U. S. Atty., both of New York City, of counsel), for respondent.

Murray Kreindler, of New York City (William S. Baron, of New York City, on the brief), for defendant-appellant Mellon.

Abraham H. Simon, of Brooklyn, N. Y. (Jacob Graifer, of Brooklyn, N. Y., on the brief), for defendant-appellant Kaplan.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellants were tried, convicted, and sentenced on each of two counts in an indictment. They were charged in the first count with having made false statements, in violation of 18 U.S.C.A. § 80, in an application for a loan insured under the provisions of title 1, section 2, of the National Housing Act, as amended, 12 U.S.C.A. § 1703; and in the second with having conspired so to do in violation of 18 U.S.C.A. § 88.

There was evidence which justified the jury in finding that the appellant Mellon, under the fictitious name of Albert B. Underwood, applied to the National City Bank of New York for a loan of $575 ostensibly to secure money with which to make repairs upon leased real estate; that the application was made in writing upon a form provided by the Federal Housing Administrator to a bank insured under the National Housing Act, as amended, 12 U.S.C.A. § 1701 et seq., for the purpose of securing a loan so insured; that the application contained several willfully false statements which were made to be relied on; that the bank did make the loan in reliance upon such false statements; that the loan was only partially repaid by the borrower; that the remainder was paid by the Federal Housing Administrator as an insured obligation; and that the repairs

*Writ of certiorari denied 58 S.Ct. 1061, 82 L.Ed. —.

for which the loan was obtained were never made.

In accordance with the application, the person to whom the check for the proceeds of the loan should be sent was Albert B. Underwood, whose address was given as 2604 Atlantic avenue, Brooklyn, N. Y., and he alone was designated in the body of the application as the applicant. His employer was stated to be Signeon Headquarters, Inc., whose address was the same as that of the applicant Underwood. The application appeared to be signed by Signeon Headquarters, Inc., and its seal affixed. This was followed by the words, "Secy Albert B. Underwood," and by what appeared to be the signature of Albert B. Underwood and that of his wife, Mary Ellen Underwood. It was conceded that the appellant Mellon made out this application and signed the name Albert B. Underwood at each place it appeared in it.

The note given the bank for the amount of the loan was put in evidence. It was signed by Albert B. Underwood, as the borrower; by Mary Ellen Underwood, as wife of the borrower; and by "Albert B. Underwood, Sec, Signeon Headquarters, Inc." It was conceded that appellant Mellon signed the note as Albert B. Underwood and also added that name with the words, "Sec. Signeon Headquarters, Inc." There was also in evidence what purported to be a resolution of the board of directors of Signeon Headquarters, Inc., authorizing Albert B. Underwood to borrow not in excess of $575 in behalf of the corporation from the National City Bank of New York. This was conceded to be in the handwriting of appellant Mellon with the exception of the signature by one, "James A. Milo." Then there was in evidence the check by which the bank sent the proceeds of the loan to "Underwood." On the face of the check were the words: " * * * Account No. M. 0350681 Signeon Headquarters Inc 2603 Atlantic Ave Bklyn N. Y. Pay to the order of Acct of Albert B. Underwood * * *." On the back were indorsements of which only the following now are of consequence:

"Signeon Headquarters Inc.
Benjamin L. Kaplan pres.
Albert B. Underwood Sec.
on acct a/c of Albert B. Underwood
Albert B. Underwood"

All of the above appearing on the back of the check was written by appellant Mellon except the words, "Signeon Head-quarters Inc. Benjamin L. Kaplan pres.," which were written by appellant Kaplan. Aside from the fact that Kaplan was the president of Signeon Headquarters, Inc., the only evidence connecting him in any way with the subject matter of the indictment was this indorsement of the check by him.

■ The appellants question the sufficiency of the indictment on the theory that there can be no violation of 18 U.S.C.A. § 80 without pecuniary loss to the government. Before the amendment of 1934 the scope of the statute was, indeed, so limited. United States v. Cohn, 270 U.S. 339, 46 S.Ct. 251, 70 L.Ed. 616; U. S. ex rel. Starr v. Mulligan, 2 Cir., 59 F.2d 200. But by the amendment just mentioned the statute was extended to cover the willful making of any false or fraudulent statements or representations "in any matter within the jurisdiction of any department or agency of the United States." In this respect the element of pecuniary loss to the government is no longer an essential ingredient of the crime. It may be noticed that though the recent Act of Feb. 4, 1938, 12 U.S.C.A. § 1703, may deal more explicitly with such conduct as was here shown, there is no reasonable ground for inferring that the making of such false representations was not previously covered by statute.

■ Nor is the contention of the appellants sound that the false statements were not within the statute either (1) because made only to the bank, or (2) because the bank may not have complied strictly with the rules and regulations of the Federal Housing Administrator regarding the insurance of loans. The statements were in fact made to obtain a loan insured under the National Housing Act. The application for such a loan was itself a matter within the jurisdiction of an agency of the United States, and this jurisdiction as such was not affected by any failure of the insured bank to comply with regulations which might have given the Federal Housing Administrator grounds for refusing to pay the insurance. The appellants are erroneously attempting to treat a possibility that the Federal Housing Administrator may have had a defense to the claim upon him as insurer as though that deprived the agency retroactively of jurisdiction over the subject matter of the application for the loan.

464

But even though the indictment is sufficient, the evidence may not be, and that is the real strength of the entire appeal of Kaplan and that of Mellon from his conviction and sentence under the second count. That count charges the conspiracy with these two appellants as the only conspirators and the making of the application for the loan as the only overt act. There is no evidence of Kaplan's participation in any way whatever in the making of the application nor in any agreement to make a false one. As before stated, the only evidence connecting him with any act in respect to the business was his indorsement of the check. That act was apparently but a formality made, or thought to be, necessary because the name Signeon Headquarters, Inc., appeared on the face of the check, for there was no proof that either Kaplan or the corporation received any of the proceeds of the check. Consequently, he was not proved guilty beyond a reasonable doubt and his motion for the direction of a verdict in his favor on each count should have been granted. For similar reasons a verdict in favor of appellant Mellon on the conspiracy count should have been granted.

Judgment against Kaplan reversed on both counts. That against Mellon affirmed on the first count and reversed on the second.