## UNITED STATES v. MASCUCH.

### No. 320.

Circuit Court of Appeals, Second Circuit.

May 6, 1940.

Frank L. Miller, of New York City, (George Z. Medalie, Louis Haimoff, and Max Lazarus, all of New York City, of counsel), for appellant.

John T. Cahill, U. S. Atty., of New York City (Robert L. Werner and Frank H. Gordon, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

The appellant was convicted of violating the federal statute against perjury, 18 U.S.C.A. § 231, by giving false testimony during his examination under oath in an investigation conducted by the Securities and Exchange Commission. On each of the two counts of the indictment the sentence imposed was imprisonment for two years and a fine of $2,000, the prison sentences to run concurrently.

Each count contained several assignments of perjury and the jury was instructed that to sustain a verdict of guilt on either count they need only be satisfied as to one of the specifications of perjury alleged in that count; that they should consider all the assignments but should return a separate verdict only as to each count. Upon this appeal the defendant argues that in each count one or more of the assignments of perjury were not supported by the evidence, and if any assignment in either count was improperly submitted to the jury the verdict on that count cannot stand since it is impossible to determine on which assignment the defendant's guilt was predicated.

This argument was not presented to the trial court and, strictly, is not available to the appellant here. Trial errors will not ordinarily be reviewed on appeal unless called to the trial judge's attention in order to afford an opportunity for timely correction. The appellant failed to ask the trial court to withdraw from the jury any specific assignment of perjury. Where such restricted submission is desired, it must be requested and refused to be available as an error to be urged on appeal. See United States v. Dilliard, 2 Cir., 101 F.2d 829, 833, certiorari denied 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036; Claassen v. United States, 142 U.S. 140, 147, 12 S. Ct. 169, 35 L.Ed. 966. At the close of the government's case, and again at the close of all the evidence, the defendant moved for a directed verdict on each count. In arguing the motion it was urged that none of the assignments was proved, but we do not regard the motion as equivalent to a motion to withdraw from the jury a specific assignment of perjury, for the motion would properly be overruled if a single assignment in each count was supported by the evidence. See United States v. Otto, 2 Cir., 54 F.2d 277, 279. Therefore the only contention which the appellant is entitled as of right to urge upon appeal is whether there was sufficient evidence to support one assignment of perjury in each count, and not—as counsel argues—whether any assignment in either count should have been withdrawn from the jury.

That at least one assignment in each count was sufficiently proved is clear beyond peradventure of doubt. The appellant's brief does not even argue that the Verrier assignment in count two should not have been submitted to the jury. We think the Hoff assignment in count one was proved with equal completeness. After testifying that he had guaranteed the Hazel Hoff account he was asked to give in his own words a running story of what he knew about it from the very beginning. He replied that he didn't "know a thing about it," except that the brokers asked him to guarantee it. In fact, it was proved that the account was opened by a deposit as collateral of 300 shares of the defendant's Breeze stock, which stood in another's name, and that he had a great deal to do with the account long before he executed the guarantee.

Although the foregoing is adequate to sustain the judgment, we may add that we have considered also the other assignments of perjury and are of opinion that no error was committed in submitting all of them to the jury's consideration. It would serve no useful purpose to recite the evidence which leads to that conclusion. Although a literally true statement will not justify a conviction of perjury, regardless of the defendant's lack of frankness, this principle cannot aid the appellant in the case at bar. The proof went beyond lack of frankness and showed the appellant to be guilty of perjury in respect to each of the assignments, or at least it was sufficient to support such a finding by the jury.

Judgment affirmed.