**UNITED STATES v. DOLAN.**

Cr. No. 43443.

United States District Court, E. D. New York.

Feb. 16, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Cornelius W. Wickersham, Jr., Chief Asst. U. S. Atty., New York City, of counsel, for United States.

Henry & Becker, Babylon, N. Y., Lindsay R. Henry, Riverhead, N. Y., of counsel, for defendant.

GALSTON, District Judge.

This is a motion to dismiss the indictment on the grounds that the court is without jurisdiction because the offense charged therein, if any, can be prosecuted only in the District of Columbia, and that the indictment fails to state facts sufficient to constitute an offense against the United States.

The indictment alleges:

"That on or about October 30, 1951, within the Eastern District of New York, for the purpose of influencing the action of the Federal Housing Administration to accept the claim of the South Side Bank of Bay Shore on a note dated March 10, 1949, signed by John N. Heim and Mildred R. Heim, defendant Frederick J. Dolan made, uttered and published a false affidavit which was submitted to the Federal Housing Administration on or about November 20, 1951, in which affidavit the defendant stated that the dwelling, erected by Dolan & Lewis, Inc. on the northwest corner of Quintuck Lane and Rosemary Place, East

Islip, Suffolk County, New York, was completed prior to March 10, 1949, whereas in truth and in fact as the defendant then and there well knew said dwelling was not completed prior to March 10, 1949. (In violation of Title 18, U.S.C., Section 1010)."

The defendant executed the affidavit in question in Suffolk County, State of New York, as president of Dolan & Lewis, Inc., a corporation which had built and sold homes in East Islip. It was executed, apparently at the request of attorneys of the South Side Bank of Bay Shore, New York, and it was then forwarded by the South Side Bank to the Federal Housing Administration, Washington, D. C. The affidavit was submitted to the F.H.A. by the bank in its effort to get payment on an F.H.A. home improvement loan it had made to certain persons who had purchased a home from Dolan & Lewis, Inc. The borrowers had defaulted on the loan and the bank had presented the note to the F.H.A. for payment in accordance with its guarantee.

The defendant contends that no offense was committed until actual delivery of the affidavit to the Federal Housing Administration in Washington, D. C., citing United States v. Valenti, 3 Cir., 207 F.2d 242, 243. In that action the defendant was indicted for a violation of Title 18, U.S.C.A. 1001, in filing an allegedly false noncommunist affidavit with the National Labor Relations Board. Section 1001 provides:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up * * * a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined * * or imprisoned * * *."

The court stated:

"It will be observed that section 1001 is directed to the making of a false statement 'in any matter within the jurisdiction of any department or agency of the United States'. In the present case the false statement is alleged to have been made in a noncommunist affidavit by a union officer 'in a matter within the jurisdiction of the National Labor Relations Board.' It is thus clear that the determination of the offense depends upon the nature and extent of the jurisdiction of that Board in the premises."

The court then determined that, pursuant to Section 9(h) of the National Labor Relations Act, as amended by the Labor Management Relations Act, 29 U.S.C.A. § 159(h), the jurisdiction of the National Labor Relations Board, in the circumstances, depended upon the required affidavit's being "on file with the Board". Consequently it concluded that "the act having legal significance" was the filing of the noncommunist affidavit with the Board, and that until the affidavit had been delivered to the Board to be placed "on file" it had no legal effect, even though the defendant had signed and sworn to its truth within the jurisdiction of the court where the indictment had been filed.

However, the indictment in the pending action was brought under Section 1010 of Title 18, U.S.C.A., which reads, in material part, as follows:

"Whoever, * * * for the purpose of influencing in any way the action of such (Federal Housing) Administration, makes, passes, utters, or publishes any statement, knowing the same to be false, * * * shall be fined * * * or imprisoned * * *."

There is a significant difference between Sections 1001 and 1010, in that Section 1010 omits the phrase "in any matter within the jurisdiction of any department or agency of the United States".

In the Valenti case it is to be noted that what is significant is not merely this difference in the language used, but the fact that the court there construed Section 1001 of Title 18, "read in the light of Section 9(h) of the National Labor Relations Act". Section 9(h) provides that the filing of the noncommunist affidavit with the Board is an essential condition precedent before any action can be taken by the Board. Therefore, the court concluded that there was no "matter" within the jurisdiction of the governmental agency involved, viz., the National Labor Relations Board, until the affidavit had actually been filed.

In the instant case it is not disputed, for purposes of this motion, that an application for an F.H.A. improvement loan had been made by the purchasers of the home involved, that it had been accepted for insurance by the F.H.A., that the purchasers obtained the loan from the bank, and that they had subsequently defaulted on the loan. It was thereafter that the affidavit constituting the subject matter of the present indictment was executed by the defendant. That being so, it is apparent that the affidavit was executed in connection with a loan transaction upon which action had already been taken by the F.H.A. In the circumstances, the filing of the affidavit with the Administration does not have the same legal significance as the filing of the affidavit with the N.L.R.B. in the Valenti case. In this connection the defendant cites no statute which would delimit the legal effect of false statements made for the purpose of influencing the F.H.A. in respect to a loan already insured by it.

In United States v. Mellon, 2 Cir., 96 F.2d 462, certiorari denied, 304 U.S. 586, 58 S.Ct. 1061, 82 L.Ed. 1547, the Court of Appeals of this Circuit affirmed the conviction of a defendant indicted in the Southern District of New York for violation of the section which is now Section 1001 of Title 18, U.S.C.A., for having made false statements in an application for a loan insured under the provisions of the National Housing Act, 12 U.S.C.A § 1701 et seq. In upholding the legal sufficiency of the indictment, the court stated, 96 F.2d at page 463, as follows:

"The statements were in fact made to obtain a loan insured under the National Housing Act. The application for such a loan was itself a matter within the jurisdiction of an agency of the United States, and this jurisdiction as such was not affected by any failure of the insured bank to comply with regulations which might have given the Federal Housing Administrator grounds for refusing to pay the insurance."

It must be concluded, therefore, that the indictment properly alleges an offense under Section 1010 of Title 18, U.S.C.A., occurring within the jurisdiction of this court.

There is no merit to the defendant's contention that the indictment lacks allegations material to constitute an offense against the United States under Section 1010. In effect, the indictment alleges that the defendant "made, uttered and published" the affidavit for the purpose of influencing the action of the F.H.A., knowing that the facts alleged therein were false. The statute which constitutes the basis for this indictment does not require that it is a necessary part of the offense charged that the defendant should be connected with the delivery of the instrument to the governmental agency involved. The making of a statement knowing it to be false for the purpose of influencing "in any way" the action of the F.H.A., constitutes an offense under the statute. The indictment is a plain, concise statement of the essential facts constituting the offense charged, as required by Rule 7(c) of the Rules of Criminal Procedure, 18 U.S.C.A.

The defendant's motion is denied.