**UNITED STATES of America,**
Plaintiff,

v.

**Theron Theodore MYERS,**
Defendant.

**Cr. No. 11313.**

United States District Court
N. D. California N. D.

May 6, 1955.

Lloyd H. Burke, U. S. Atty., San Francisco, Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Robert K. Winters, Benicia, Cal., for defendant.

HALBERT, District Judge.

Defendant is charged by an indictment with a violation of Section 1001, of Title 18, of the United States Code. Trial by jury has been waived, and the matter has been submitted to this Court on what is, for all practical purposes, an agreed statement of facts.

The pertinent facts can be briefly summarized. The defendant was Deputy Property Disposal Officer at the United States Army's Benicia Arsenal at the time of the offense. Approximately five years prior to the time of the offense, the defendant's wife purchased a 1942 Ford automobile from the War Assets Administration, but at the time, with which we are concerned, did not have any documentary evidence of her title. Some time prior to the date of the offense, the vehicle was sold to a Mrs. Frances Jones, and in order to get the car registered in the name of Mrs. Jones, the defendant took from the supplies in his office a printed official government form entitled United States Government Certificate of Release of Motor Vehicle (Standard Form 97. Promulgated April, 1948 by Bureau of Budget. Circular A–25), which is sometimes called a "Government Green Slip", and which will hereinafter be referred to simply as Form 97. Defendant completed this document in the regular and usual manner so as to show that the vehicle was sold to Mrs. Jones by the Government on November 4, 1953. No copy of the Certificate was kept at the Benicia Arsenal. This Certificate, as completed by the defendant, correctly describes his wife's Ford automobile and states and represents, among other things: (1) That the vehicle was being sold by Beni-

cia Arsenal of the War Department to Mrs. Jones; (2) that the vehicle was the property of the United States Government; (3) that the sale for which the Certificate was issued was the first transfer of the vehicle in ordinary trade and commerce subsequent to acquisition by the United States Government; and (4) that the Certificate was issued by the defendant as Property Disposal Officer of the Benicia Arsenal. It is conceded that each of these last four statements were false, that the document as completed by the defendant is itself false, and that the defendant knew such to be the fact when he executed and delivered the same to Mrs. Jones. It is further conceded that he had no authority from the United States Government to sign the Certificate of Release, and likewise, had no authority to use or deliver it to Mrs. Jones, or any one else, in his official capacity.

After the Certificate of Release was issued and delivered to Mrs. Jones, she used it to secure a Certificate of Registration for the Ford automobile through the Department of Motor Vehicles of the State of California. Obviously, the Department of Motor Vehicles of the State of California relied upon the authenticity of this document as an official document of the United States Army's Benicia Arsenal in issuing the Certificate of Registration to Mrs. Jones.

Defendant contends that he used this form only as a means of transferring title from his wife to Mrs. Jones, and that he did not sign it in his official capacity.

Having the pertinent facts in mind, let us turn to the statute under which the defendant is charged and the specific charge that is made against him in the indictment on file in this case. As already indicated, the defendant is charged with a violation of Title 18 United States Code, Section 1001, which provides that any person is guilty of a public offense when such person:

"* * * *in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies,* conceals or covers up by any trick, scheme, or device *a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry* * * *."* [1]

The pertinent portions of the indictment in this case charge that:

"* * * * defendant, Theron Theodore Myers, did unlawfully, *knowingly, and wilfully falsify a material fact* and *make a false, fictitious, or fraudulent statement or representation,* and *make a false writing or document* by making an entry upon the official records of Benicia Arsenal, United States Army, a department of the United States, in the form of his signature upon a United States Government Certificate of Release of Motor Vehicle showing title to a 1942 Ford Fordor automobile, Serial No. IGA 104336, to be transferred to Francis A. Jones, 591 East M Street, Benicia, California, *knowing such entry to be false, fictitious and fraudulent* in that said motor vehicle was not the property of the War Department, Benicia Arsenal, and was not the first transfer of said vehicle in ordinary trade and commerce subsequent to acquisition by the United States Government, as indicated by said Certificate." [1]

The statute, insofar as it concerns us here, requires first, that the offense must be committed "within the jurisdiction of any department or agency of the United States"; secondly, that the act shall be done knowingly and wilfully and with full knowledge of the true facts; and third, that the accused shall do one or more of the several acts, namely: (1) Falsify a material fact; (2) Make a

---

1. The Court has emphasized certain portions of both the statute and the indictment for reasons which will become apparent later in this opinion.

false, fictitious or fraudulent statement or representation; or (3) Make a false writing or document. The indictment in this case charges the defendant with doing each and every one of the three acts last above described knowingly and wilfully and with full knowledge of the fact that they were false, fictitious and fraudulent. In addition, the indictment alleges in detail what record was falsified; what department of the United States is involved; what the defendant did in connection with it; and makes a detailed statement concerning the portions of the document that are claimed to be false, fictitious and fraudulent.

■ The indictment charges the defendant with a series of acts, any of which separately, or together, would constitute a single offense. This is entirely proper, Yip Wah v. United States, 9 Cir., 8 F.2d 478, certiorari denied, 270 U.S. 645, 46 S.Ct. 336, 70 L.Ed. 777; Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751; Chandler v. United States, 1 Cir., 171 F.2d 921, certiorari denied, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; and United States v. Sander, 27 Fed.Cas., page 949, No. 16219. Even though there might possibly have been some question about the form of the indictment, this was waived by the failure of the defendant to object to the indictment prior to the trial, Beauchamp v. United States, 6 Cir., 154 F.2d 413, certiorari denied, 329 U.S. 723, 67 S.Ct. 66, 91 L.Ed. 626, and Harris v. United States, 10 Cir., 190 F.2d 503. Furthermore, the charge against the defendant was confined to a single charge by the specific allegations in the indictment concerning the acts committed, the time when, and the place where they were committed. The indictment is so drawn that it makes it abundantly clear that there is but a single charge being made against the defendant, and, therefore, it is not subject to challenge for duplicity or other technical defects at this time, Beauchamp v. United States, supra; Blum v. United States, 6 Cir., 46 F.2d 850; and Proffitt v. United State, 9 Cir., 264 F. 299.

■ The indictment being sufficient, what burden of proof was on the prosecution? Of course, the prosecution had the burden of proof required in every criminal case, namely, to establish the defendant's guilt to a moral certainty and beyond all reasonable doubt. It should, however, be borne in mind that where a statute such as the one under which the indictment in this case was drawn denounces a series of acts each of which separately, and all of which together, may constitute one single offense, and the indictment charges all or several of the acts denounced by the statute, the prosecution meets the burden of proof required of it if it establishes by appropriate evidence to the required degree *one or more* of the series of acts denounced by the statute and charged in the indictment, Todorow v. United States, 9 Cir., 173 F. 2d 439, certiorari denied, 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733; United States v. Mascuch, 2 Cir., 111 F.2d 602, certiorari denied, 311 U.S. 650, 61 S.Ct. 14, 85 L.Ed. 416; United States v. Otto, 2 Cir., 54 F.2d 277; and People v. McClennegen, 195 Cal. 445, 234 P. 91. The defendant having admitted all of the pertinent facts in this case, the only question is whether under the evidence the defendant committed one or more of the acts denounced by the statute and charged in the indictment.

The defendant relies largely, if not entirely, on the case of United States v. White, D.C., 69 F.Supp. 562, for his defense. This case does not help with the decision of the case at bar, for it is quite dissimilar in several respects. First, the White Case involved an oral representation, whereas the case at bar involves an official printed government document completed by the defendant himself so as to set forth certain information which the defendant knew was false. Secondly, the White Case involved a representation by a citizen to a peace officer of the State of California, who had neither the authority, nor the power, nor perhaps even the inclination to do anything about the alleged federal offense involved in that

case. In the case at bar, the defendant signed the official printed government document which he himself completed by filling in false data, and which shows on its face that he signed the same in his official capacity.[2] In so doing, he sought to make it appear, and did, in fact, make it appear, that the document was an official document of the Benicia Arsenal of the United States Army, a Department of the United States. Finally, it must be noted that the third count of the White Case, the count with which we are here concerned, was expressly limited to the charge of knowingly and wilfully *making, causing to be made, and aiding in making and causing to be made a false statement in a matter within the jurisdiction of the Immigration and Naturalization Service of the United States Department of Justice.* Actually, no statement, false or otherwise, was made to any officer, agent or representative of any department or agency of the United States in the White Case. We are dealing with no such situation in the case at bar. As has been pointed out above, the defendant in this case is charged by the indictment with (1) falsifying a material fact, (2) making a false, fictitious or fraudulent statement or representation, and (3) making a false writing or document. The defendant in the White Case was charged with committing only one of these acts, namely, the making of a false statement, and that to some one other than a department, agency or official of the United States. Now, if for the purposes of this decision, we disregard the question of whether the defendant in the case at bar made a false statement or representation to any department, officer or agent of the United States, as well we may, it can be readily seen that the White Case is of no value as an authority in the case at bar.

The issues remaining to be resolved are: Did the defendant knowingly and wilfully falsify a material fact and/or did he knowingly and wilfully make a false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry? An affirmative answer is inescapable in each instance.

First, as to the falsification of a material fact in a matter within the jurisdiction of any department or agency of the United States. Clearly, the defendant did at the time and place alleged in the indictment and within the confines of the Benicia Arsenal, a Department of the United States, use an official United States government form to set forth not one, but several material facts concerning the Ford automobile and its alleged sale. It is conceded that these facts were false and that the defendant knew they were false when he entered them in the official government document.

Next is the matter of whether the defendant made a false writing or document, as charged in the indictment. The proof on this point seems too clear to warrant a detailed discussion. Actually, it has been conceded by the defendant that he prepared and executed the Form 97, and it shows on its face that he signed it in his official capacity. All this he did knowing full well that it was a false document which contained false, fictitious and fraudulent statements and entries. If all other grounds should fall short of warranting conviction, the Court would be duty bound to find that the defendant knowingly committed this act denounced by Section 1001, of Title 18 of the United States Code, and is, therefore, guilty of a violation of the charge set forth against him in the indictment on file in this case.

Defendant seeks to evade the responsibility for his acts by asserting that (1) no entry was made upon the official records of the Benicia Arsenal, or any department of the United States; (2) no false or fraudulent representation was made to any department of the United States, or to any officer or person in any official capacity; (3) that said document,

---

2. The defendant contends that he did not sign the Form 97 in his official capacity, but his actions of the past and the written record belie his present protestations of innocent intent.

while admittedly false, was presented only to the Department of Motor Vehicles of the State of California, and is not a part of the official records of Benicia Arsenal; and (4) that no United States Governmental Agency was deceived by the act of the defendant by preparing, executing and delivering the Form 97 to Mrs. Jones.

It first must be observed that the agreed facts are not wholly in accord with the position which the defendant now seeks to take. As already pointed out, the false entries in question were made upon an official United States Government form, the very existence of which carried with it the United States Government's integrity, guaranteeing its truth, honesty and authenticity. While the false entries upon the form were not entries in an account book or other formal record in the popular sense of the words, no such limited interpretation of the statute is required or proper.

■ Section 1001, Title 18 United States Code, had its present origin in the former Criminal Code, Section 35, subsection (A). This section became Section 80, of Title 18, when the existing Codes were adopted. Prior to the amendment of June 18, 1934, c. 587, 48 Stat. 996, Section 80, required as a prerequisite to criminal liability in cases similar to the one at bar that the falsification denounced by the statute had to be done "for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any department thereof". This limiting language was removed from the statute. The amendment of 1934 also added the words "in any matter within the jurisdiction of any department or agency of the United States." The section which immediately preceded the present Section 1001, with which we are here concerned, was the Section 80, of Title 18 United States Code, as it was last amended on April 4, 1938, c. 69, 52 Stat. 197. Section 80 was divided into two sections by Congress when the present Section 1001 was enacted June 25, 1948, c. 645, 62 Stat. 749. At that time Congress incorporated the provision relating to the presenting of false claims to any branch of the United States Government in Section 287, Title 18, United States Code, and placed in Section 1001 the provisions dealing only with false statements and entries generally. From this discussion of the history of Section 1001, it becomes quite apparent that Congress in amending this statute intended to broaden its application so as to leave no adequate basis for the limited construction previously required and still urged by the defendant in this case at this time. Giving the statute as it has been amended, modified and enlarged by the edict of Congress a literal, natural and common sense meaning, it is obvious that there is no requirement that the false document be *presented to* an agency or department of the United States. The only requirement is that the false document shall be made in a matter *within the jurisdiction of* such a department or agency of the United States.

■ When completed, the Form 97, with which we are here concerned and which the defendant prepared, was to all the world an official record of the Benicia Arsenal which was promulgated by the defendant in his official capacity as an officer representing that agency of the United States Government. Proof of these facts is sufficient to bring the conduct of the defendant within the acts denounced by the present Section 1001, Title 18 United States Code.

The views hertofore expressed in this opinion make it unnecessary to further discuss the question of whether a false or fraudulent representation was made to any Department of the United States, or to any officer or person in any official capacity.

■ Defendant merely reiterates this defense in another manner when he contends that the document in question, while admittedly false, was presented only to the California State Department of Motor Vehicles, but some note should be taken of the contention in this form. To whom the Form 97 was presented

after it was executed and given the status of a record of the Benicia Arsenal is of no moment. The gist of the offense is the fact that it was, as defendant concedes, a false document and he knew it to be such. It was on an official form printed by the United States Government, and, so far as could be told from examining it, was duly and regularly completed by an authorized official representing the United States Government. As it passed out of the hands of the defendant, it carried with it the full faith and credit which is given to documents of the United States Government, and but for the defendant's perfidy, would have been entitled to the same unimpeachable standing to which every official document of the United States is entitled. Not only does Section 1001, of Title 18 of the United States Code, forbid falsification of the books, records, etc. maintained by the United States and the agencies and departments thereof, but it also makes it an offense for any government official to issue what purports to be an official document or report which is in fact false and fictitious. Under the statute, it is an offense for anyone to do any fraudulent act which is calculated to or does obstruct or impair governmental agencies and/or the value of their operations, documents and reports, Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569; United States v. Gottfried, 2 Cir., 165 F.2d 360, certiorari denied, 333 U.S. 860, 69 S.Ct. 738, 92 L.Ed. 1139. Section 1001 was not designed or intended to be limited to formal written records, forms or instruments alone. It covers both formal and informal records, forms and instruments. Indeed, it may in some instances cover oral statements. The statute is broad in its scope and is designed to protect the authorized functions of governmental departments and agencies from the perversions which might result from the deceptive practices forbidden by it, United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598; Boushea v. United States, 8 Cir., 173 F.2d 131; Marzani v. United States, 83 App.D.C. 78, 168 F.2d 133:

and United States v. Meyer, 2 Cir., 140 F.2d 652. It is in effect designed to insure to the whole world, governmental employees and the general public alike, that any record, document, instrument or statement made by a governmental employee, great or small, in his official capacity and in the course of his official duties can be relied upon by all.

The final point raised by defendant is his claim that no United States Government Agency was deceived by his preparation of the false Form 97, which is the subject of the charge made against him. This argument is partially, if not wholly, answered by the citations above which show that Section 1001 goes beyond the deceiving of the government, its officers, or its agents, and applies to reports and documents issued under governmental authority. It may be added that while fraud, as used in the statute, may involve money or property and loss to the government, the establishment of such financial loss is neither necessary nor required in order for the government to prove its case, United States v. Gilliland, supra, and United States v. Gottfried, supra. Monetary gain or loss is not a fundamental issue in the case. Actually, it matters not whether the government or any of its employees were in fact deceived, whether the government lost anything of value, or whether the defendant gained anything of value by his acts, United States v. Meyer, 2 Cir., 140 F.2d 652; United States v. Presser, 2 Cir., 99 F.2d 819; and United States v. Mellon, 2 Cir., 96 F.2d 462. Again, in connection with this point, it must be repeated that the ultimate issues to be determined are that the document was issued within the jurisdiction of a department or agency of the United States; that the document was false; that the defendant knew it was false; and that it obstructed or impaired, or was calculated to obstruct or impair, the honest and faithful operation of some governmental agency and/or the value and integrity of a document or report issued by that governmental agency. From what has already been recited in this opinion, it seems patent that the

false Form 97, which the defendant prepared and passed on for public use, had the effect denounced by the statute. Defendant's argument on this point avails him nothing.

For the reasons set forth in this opinion, the Court finds that the defendant, Thereon Theodore Myers, is guilty of the offense of violation of Title 18 United States Code, Section 1001, as charged in the indictment on file in this action.