UNITED STATES

v.

**Victoria L. STALLWORTH, 420–13–1543, Mess Management Specialist Seaman Recruit (E–1), U.S. Navy.**

**NMCM 95 00433.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 28 July 1994.

Decided 24 Sept. 1996.

Lt Leslie K. Burnett, JAGC, USNR, Appellate Defense Counsel.

Capt Daren K. Margolin, USMC, Appellate Government Counsel.

Maj M.K. Lambert, USMCR, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, and D. WELCH, J.

WELCH, Judge.

The appellant was tried by general court-martial, composed of a military judge alone, on 13, 14 and 28 July 1994. Pursuant to her pleas, she was convicted of 1 specification of wrongful appropriation of a rental car in violation of Article 121, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 921, and 1 specification of knowingly and willfully using a false document, in violation of 18 U.S.C. § 1001 (1994), an offense charged under Clause 3 of Article 134, UCMJ, 18 U.S.C. § 934. The appellant was sentenced to be discharged from the naval service with a bad conduct discharge, and the convening authority approved the sentence.

The appellant raises two assignments of error [1] before this Court. In her first assignment of error, the appellant contends that the military judge erred in accepting her plea of guilty to knowingly and willfully using a false writing or document, in violation of 18 U.S.C. § 1001. Section 1001 provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes, or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

In responding to the military judge's inquiry into the providence of her guilty plea, the appellant admitted that she had willfully submitted false U.S. Navy transfer orders to a rental car agency to make it appear that she was authorized to rent an automobile for official business, when in fact, she was not. Through the use of the false transfer orders, the appellant was able to take advantage of a Government contract with the rental car agency, the benefits of which would otherwise have been unavailable to her. The documentation she presented to the rental car agency was actually an altered copy of a legitimate set of transfer orders issued to another service-member. Through a process the appellant described as "cutting and pasting," the genuine transfer orders had been modified to substitute the appellant's name in place of the person to whom they had actually been issued.[2] The use of the false transfer orders enabled the appellant to rent a motor vehicle without a credit card and without having to put up a cash deposit, neither of which she was capable of providing.

■ The appellant now asserts that her conduct did not violate 18 U.S.C. § 1001, reasoning that the rental car agency which she admittedly deceived by the submission of the false transfer orders was neither a "department" nor an "agency" of the United States. Thus, she argues that her actions did not amount to a "matter within the jurisdiction of any department or agency of the United States," within the meaning of 18 U.S.C. § 1001. In support of her position, the appellant relies upon *Hubbard v. United States*, — U.S. —, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995), in which the Supreme Court reversed the conviction of John Bruce Hubbard for making false statements in court documents which he had filed in his personal bankruptcy case. The Court held that the defendant's falsehoods did not violate 18 U.S.C. § 1001 because the Federal bankruptcy court is neither an "agency" nor a "department" of the United States. *Id.*

In contrast to the factual scenario in *Hubbard*, the appellant's scheme involved the use of false official documents, purportedly issued by the U.S. Navy, a military service organization under the Department of Defense, one of the Executive Departments within the executive branch of the U.S. Government.[3] The appellant presented the falsified government documents while she was on active duty in the U.S. Navy, and while she was subject to the UCMJ. Furthermore, the

---

1. I. THE MILITARY JUDGE ERRED WHEN HE FOUND THE APPELLANT GUILTY OF THE ADDITIONAL CHARGE AND UNDERLYING SPECIFICATION BECAUSE 18 U.S.C. § 1001 APPLIES ONLY TO THE MAKING OR USING OF FALSE STATEMENTS OR WRITINGS "WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES" AND NOT TO PRIVATE COMPANIES.

   II. THE OFFENSE OF THE ADDITIONAL CHARGE CONTAINED IN THE STAFF JUDGE ADVOCATE'S RECOMMENDATION AND CONVENING AUTHORITY'S ACTION INCORRECTLY REFLECTS A VIOLATION OF ARTICLE 121 VICE ARTICLE 134, UCMJ.

2. The appellant was not charged with, nor did she admit to "making" the false document, and the record does not otherwise establish who, in fact, altered the transfer orders which she admittedly used.

3. As pointed out by the Supreme Court in *Hubbard*, 18 U.S.C. § 6 (1994) provides that "[t]he term, 'department,'" as utilized in 18 U.S.C. § 1001, "means one of the executive departments enumerated in § 1 [now § 101] of Title 5." *Hubbard*, — U.S. at —, 115 S.Ct. at 1757. Among the executive departments specifically enumerated in 5 U.S.C. § 101 (1994) is "The Department of Defense."

appellant's military status played an important role in her deception of the rental car agency.

The phrase "within the jurisdiction" as it appears in 18 U.S.C. § 1001 has been broadly interpreted by both the U.S. Supreme Court and the Court of Military Appeals (now the United States Court of Appeals for the Armed Forces). In *United States v. Rodgers,* 466 U.S. 475, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984), the Supreme Court, in discussing the history of 18 U.S.C. § 1001, observed that:

> A predecessor provision of 18 U.S.C. § 1001 punished false statements only when made "for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States." Act of Oct. 23, 1918, ch. 194, 40 Stat. 1015. In 1934, Congress deleted the requirement of a specific purpose and enlarged the class of punishable false statements to include false statements made "in any matter within the jurisdiction of any department or agency of the United States." Act of June 18, 1934, ch. 587, 48 Stat. 996.

According to the Court in *Rodgers,* the language, "within the jurisdiction" in 18 U.S.C. § 1001 "covers all matters confided to the authority of an agency or department," and that, "a department or agency has jurisdiction, in this sense, when it has the power to exercise authority in a particular situation." *Rodgers,* 466 U.S. at 479, 104 S.Ct. at 1946. The Court concluded that, "[u]nderstood this way, the phrase, 'within the jurisdiction' merely differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body." *Id.* at 479, 104 S.Ct. at 1946.

Citing *Rodgers* for the proposition that 18 U.S.C. § 1001 was intended to apply to a broad range of wrongful conduct, the Court of Military Appeals, in *United States v. Hagee,* 37 M.J. 484 (C.M.A.1993), concluded that "[t]his expansive view of the coverage of 18 U.S.C. § 1001 quite clearly includes within its ambit cases in which false papers that

purport to be official documents of the United States are used to victimize private parties." *Hagee,* 37 M.J. at 486.

The appellant's focus on the status of the rental car company is misplaced. The fact that the "victim" of her crime is a private corporation is immaterial. Her status as a service member on active duty in a military organization within the Defense Department, subject to the UCMJ, at the time she was dealing with the rental car company, renders her conduct a "[matter] within the jurisdiction of (a) department or agency of the United States," as defined in 18 U.S.C. § 1001. If "a department or agency has jurisdiction (within the meaning of § 1001) when it has the power to exercise authority in a particular situation," as the Supreme Court noted in *Rodgers,* it makes no difference that the appellant's crime was committed off base and that the person or entity victimized by her misconduct was not a member of a military organization. *See, Solorio v. United States,* 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987) (renouncing jurisdictional requirement of "service connection").

The fact that the appellant's fraudulent actions were calculated to and did induce a private party to act in reliance upon the integrity of an official government document which proved to be false makes it all the more obvious that her conduct was of the type that Congress intended to proscribe by the enactment of 18 U.S.C. § 1001. It has been held that:

> [18 U.S.C. § 1001] goes beyond the deceiving of the government, its officers, or its agents, and applies to reports and documents issued under governmental authority ... It [the statute] is in effect designed to insure to the whole world, governmental employees and the general public alike, that any record, document, instrument or statement made by a governmental employee, great or small, in his official capacity and in the course of his official duties can be relied upon by all.

*United States v. Hagee,* 37 M.J. at 486 (quoting *United States v. Myers,* 131 F.Supp. 525, 531–32 (D.Cal.1955)).[4] The appellant was therefore properly charged and convicted of an offense under clause 3 of Article 134,

---

4. The appellant urges us to hold that *Hagee* has      been overruled by *Hubbard.* We decline to do

UCMJ for violating 18 U.S.C. § 1001. Accordingly, we hold that the first assignment of error is without merit.

In her second assignment of error, the appellant complains that the staff judge advocate's recommendation and the convening authority's action erroneously state that the Additional Charge was for a violation of Article 121, UCMJ, when in fact the Additional Charge (and the appellant's conviction thereunder) was for a violation of Article 134, UCMJ. Rules for Courts–Martial [R.C.M.] 1106(f)(4) and (5), Manual for Courts Martial, United States (1995 ed.) [MCM] permit counsel for the accused 10 days from service of the record of trial or receipt of the recommendation, whichever is later, "to submit, in writing, corrections or rebuttal to any matter in the recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter." Under R.C.M. 1106(f)(6), the failure of counsel for the accused to comment on any matter in the recommendation in a timely manner waives a later claim of error in the absence of "plain error."

The staff judge advocate's recommendation and the record of trial were served upon the appellant, and her Individual Military Counsel more than ten days before the issuance of the convening authority's action. No objection or other response was made. Therefore any claim of error based on the erroneous numbering of the Additional Charge was waived by the failure of the appellant's counsel to timely object, unless the misnumbering amounted to plain error. The test for plain error is whether: (1) there has been an error; (2) that error was plain or obvious; and (3) the error affected a substantial right of the accused. *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Moreover, even when these three criteria are met, application of the plain error doctrine is permissive, not mandatory. *Id.* Reviewing courts may exercise discretion in limiting the application of the plain error doctrine to those cases in which a miscarriage of justice would otherwise result. *Id.* No prejudice to the appellant has been alleged, nor has any been shown to have resulted from the commission of this error. Therefore, we hold that the misnumbering of the additional charge did not amount to plain error, and may be corrected by administrative action.[5]

Accordingly, the findings of guilty to the Charge and specification two thereunder, and the Additional Charge and the single specification thereunder, are affirmed. The sentence, as approved on review below, is also affirmed. The record of trial shall be returned to the Judge Advocate General for transmittal to the same or different convening authority for issuance of a corrected promulgating order.

Senior Judge KEATING and Senior Judge CLARK concur.

---

so. In our view, nothing said by the Supreme Court in *Hubbard* conflicts with the decision of the Court of Military Appeals in *Hagee*. Furthermore, the Court of Appeals for the Armed Forces has itself recently considered and rejected a similar argument in *United States v. Smith*, 44 M.J. 369 (C.M.A. 1996). In that case, involving a conviction for making false official statements in violation of Article 107, UCMJ, the Court expressly held that its earlier decision in *Hagee* had not been superseded or implicitly overruled by the Supreme Court's decision in the *Hubbard* case.

5. The staff judge advocate's misnumbering error was not repeated in the convening authority's action, as asserted by the appellant. However, the error did find its way into the promulgating order. We will correct that in our decretal paragraph.