## BANKS v. UNITED STATES.

### No. 10804.

Circuit Court of Appeals, Ninth Circuit.

Feb. 20, 1945.

Jeffrey Heiman, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Allan Pomeroy and Herbert O'Hare, Asst. U. S. Attys., all of Seattle, Wash., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant was indicted on three counts: Counts 1 and 2 charged appellant with transferring on September 25, 1943, and October 10, 1943, one and two marihuana cigarettes, respectively, without a written order of the person to whom transferred and without a form issued in blank for that purpose by the Secretary of the Treasury. Count 3 charged appellant with possession of two marihuana cigarettes without a written order form and without having registered and paid the special tax as required by law. The jury found appellant guilty on all three counts. A motion for a new trial was denied, and judgment was entered. Appellant was sentenced to the penitentiary for two years on count 1 and two years on count 2, the two sentences to run concurrently. The imposition of a sentence on count 3 was suspended for a year after the expiration of the other sentences, during which year the appellant was to be on probation. From this judgment and sentence, the present appeal is taken.

The first assignment of error was that the witness Townsend Davidson was permitted to testify over the appellant's objection with reference to the fact that the cigarette was marihuana.

The qualification of the witness Davidson to express an opinion that it was marihuana was gained from his use of marihuana over a period of ten or twelve years. Davidson testified that he, the appellant, and another person smoked marihuana together in Davidson's automobile. At the time of testifying Davidson was charged

with having marihuana in his possession and had decided to plead guilty, he said. The testimony, we feel, was rightly submitted for the jury's consideration.

■ The appellant contends in the third assignment of error that the court should have granted the motion to strike the testimony of the witness Love as there was nothing in the record to show him to be a competent witness to testify that the cigarettes were marihuana. It is apparent that the lower court considered Love's testimony corroborative. The lower court also said that the fact that Love had pleaded guilty to possession of marihuana was a substantiating circumstance to indicate that he knew what marihuana was. We believe that the evidence was properly admitted and that there was no error in receiving it, and we think it equally plain that if there was error no prejudice from its reception, requiring reversal, is shown.

As to the second assignment of error the appellant urges that the lower court erred in not directing a verdict on the grounds that there was not sufficient evidence to go to the jury.

■■ An appellate court is limited in its review of the sufficiency of the evidence to the consideration of whether there was some competent and substantial evidence. On a motion for directed verdict, there is a preliminary question for the trial judge —whether there is any evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed. O'Brien's Manual of Federal Appellate Procedure, 3rd Ed., 1941, c. III, p. 16.

■■ The appellant's argument is based on the fact that the case against him rests on the testimony of two witnesses, who were law violators themselves. The lower court had the witnesses before it, heard their testimony, and could weigh their credibility. Davidson testified that after he had gotten a certain amount of marihuana from appellant, he was told by appellant to get it thereafter from the other witness, Love. Love testified that appellant told him Davidson was all right and that appellant gave Love the sticks of marihuana he sold Davidson after he, Love, was under financial obligation to the appellant. This evidence was sufficient to go to the jury. Furthermore, the verdict of the jury itself is conclusive as to the fact of guilt if there is any evidence to sustain it.

■ The other assignments of error are without merit. It is well established that a motion for new trial is a matter addressed to the sound discretion of the lower court, and is not reviewable. Coplin v. United States, 9 Cir., 88 F.2d 652.

Judgment affirmed.