## GROVER v. UNITED STATES.
### No. 12256.

United States Court of Appeals
Ninth Circuit.

July 24, 1950.

Rehearing Denied Aug. 18, 1950.

John W. Bonner, Las Vegas, Nev., for appellant.

Miles N. Pike, U. S. Atty., Bruce R. Thompson, and William J. Kane, Asst. U. S. Attys., Reno, Nev., for appellee.

Before MATHEWS, BONE and LINDLEY,[1] Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, James Mason Grover, alias Jimmy Williams, alias J. B. Hall, was indicted under 18 U.S.C.A., 1946 Edition, §

1. Circuit Judge, Seventh Circuit, sitting by special designation.

415.[2] The indictment charged that on or about November 1, 1947, appellant "transported and caused to be transported in interstate commerce, from Beverly Hills, California, to Las Vegas, Clark County, State and District of Nevada, a man's diamond ring, composed of a large 4.06 carat center diamond, with a .75 carat diamond on each side, set in a platinum ring, said ring having a value in excess of $5,000, to-wit, approximately $7,500, and said ring having been stolen at Beverly Hills, California, from one Nathan Sherry," and that appellant "knew that said ring had been stolen at the time of the transportation thereof as aforesaid." Appellant was arraigned, pleaded not guilty, was tried and found guilty, was sentenced and has appealed.

At the close of the Government's evidence, a motion for acquittal was made by appellant and was denied. The motion was renewed at the close of all the evidence and was again denied. Appellant contends that its denial was error. The stated ground of the motion was "that the Government has failed to establish the material allegations required under their indictment," meaning, we suppose, that the evidence was insufficient. There was evidence to the following effect:

The ring described in the indictment—a ring of the value of more than $5,000—was stolen from Nathan Sherry at Beverly Hills, California, on November 1, 1947, and was in appellant's possession at Las Vegas, Nevada, on November 2, 1947, at which time appellant showed the ring to Frank C. Kernan, a jeweler, and asked if Kernan could sell it for him. Kernan asked appellant how much he wanted for the ring. Appellant said $1,500. Kernan asked how much time he would have to dispose of the ring. Appellant said one hour. Within that hour, Kernan took the ring to Vern Ovist, another jeweler, Ovist sold it to Julian Goldman for $2,800 and paid Kernan $2,650, retaining $150 for himself, and Kernan paid appellant $1,500, retaining $1,150 for himself. Later, upon learning that the ring was stolen, Goldman surrendered it to Las Vegas police, Kernan refunded $2,800 to Goldman, and Ovist refunded $150 to Kernan. Appellant never refunded the $1,500 or any part thereof.

■ Appellant's possession of the ring was wholly unexplained.[3] Therefore the jury could properly infer that appellant transported it or caused it to be transported from Beverly Hills to Las Vegas, knowing it to have been stolen.[4] That being so, the motion for acquittal was properly denied.

■ The charge to the jury consisted of 23 numbered instructions. An objection to instruction No. 8 was made by appellant and was overruled. Appellant contends that the overruling of the objection was error. Instruction No. 8 was as follows:

"If you believe from the evidence beyond a reasonable doubt the following: That the retail market value of the ring in evidence exceeds the sum of $5,000, lawful money of the United States; that said ring was stolen in Beverly Hills, California, in the early morning hours of the first day of November, 1947; that the said ring was in the possession of the defendant [appellant] at Las Vegas, Nevada, on November 2, 1947, without explanation of such possession on the part of the defendant; the jury may infer that the defendant had transported and caused said ring to be transported

---

2. Section 415 provided: "Whoever shall transport or cause to be transported in interstate or foreign commerce any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more theretofore stolen * * * or taken feloniously by fraud or with intent to steal or purloin, * * * knowing the same to have been so stolen * * * or taken, * * * shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both."

3. Appellant testified as a witness for himself, but, instead of explaining his possession of the ring, denied such possession and denied having any connection with or knowledge of the ring.

4. Morandy v. United States, 9 Cir., 170 F.2d 5. Here, as in the Morandy case, we hold that an inference was warranted, not that a presumption was raised. Cf. Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350.

from Beverly Hills, California, into Las Vegas, Nevada, knowing said ring to have been stolen, and should find that the defendant is guilty of the crime charged."

The objection to instruction No. 8 was as follows:

"If your Honor please, I would like to object to instruction No. 8 upon the grounds that we contend that for the reason the Government has alleged that the defendant transported the alleged stolen ring from Beverly Hills, California, to Las Vegas, Nevada, that they must prove by actual evidence that the defendant was actually, physically and corporeally at Beverly Hills, California, on November 1, 1947, and that he actually and personally transported such ring from Beverly Hills, California, to Las Vegas, Nevada. On the further grounds that the statute referring to principals and accessories cannot be relied upon in giving this instruction, because in that case it would require that more than one defendant be charged, and in the absence of the joinder of defendants, or in the absence of a charge of conspiracy, the Government must actually prove that the defendant was personally present in Beverly Hills, California, and personally transported said ring to Las Vegas, Nevada."

Actually, the Government was not required to prove that appellant was at Beverly Hills on November 1, 1947, or that he personally transported the ring from Beverly Hills to Las Vegas. Proof that he transported it or caused it to be transported from Beverly Hills to Las Vegas, knowing it to have been stolen, was sufficient. Hence the grounds stated in the objection to instruction No. 8 were not valid grounds. Whether instruction No. 8 was objectionable on some other ground need not be considered, for it was not objected to on any other ground. The objection made was properly overruled.

■ Two motions for a new trial were made by appellant and were denied. Appellant contends that their denial was error.

Motions for a new trial are addressed to the trial court's discretion,[5] and their denial, if reviewable at all, is reviewable only for an abuse of discretion.[6] Here no abuse is shown.

Other contentions of appellant are so obviously lacking in merit as not to require discussion.

Affirmed.

5. Allred v. United States, 9 Cir., 146 F.2d 193; Banks v. United States, 9 Cir., 147 F.2d 628; Gage v. United States, 9 Cir., 167 F.2d 122; Eagleston v. United States, 9 Cir., 172 F.2d 194. See, also, United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562.

6. See cases cited in footnote 5.