**ADAMS v. UNITED STATES.**

No. 12765.

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1951.

Rehearing Denied Sept. 13, 1951.

Samuel Reisman and Bertram H. Ross, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U. S. Atty., Walter S. Binns, Chief Asst. U. S. Atty., Bernard B. Laven, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

PER CURIAM.

Appellant was convicted of perjury for testifying before a grand jury that he was in a certain barbershop in Los Angeles on February 28, 1950. The materiality of the testimony lay in the fact that the grand jury was investigating the murder of one Davidian who on the date mentioned had been slain in Fresno, California. It appears that the indictment (described as No. 21,101) charging a narcotics offense had been returned against Davidian and several

other persons, including appellant, and that Davidian was expected to testify for the government on the trial of that indictment.

Appellant's primary contention is that the perjury was not proved by two witnesses, or by one witness and corroborating circumstances. An examination of the record satisfies us that the government's evidence measures up to the requirements of the rule in such cases. The three barbers in the shop testified on the subject, and while there was some confusion or uncertainty in their testimony as to matters of detail, the weight of the evidence and the credibility of the witnesses was solely for the trial jury.

It is contended, also, that appellant was prejudiced by an instruction of the court to the effect that the jury could consider the pending indictment (No. 21,101) for the purpose of determining whether appellant's testimony was knowingly and willfully perjurious. The court refused to allow the jurors to see indictment No. 21,101, feeling that prejudice might possibly arise in the jurors minds from observing the nature of the charge and the names of certain notorious characters who were accused by the indictment. The court was at pains to confine the issues as closely as possible to that of perjury. All that was shown on behalf of the prosecution was that the indictment existed, that appellant was an accused in that indictment, and that Davidian had been a witness before the grand jury prior to its return and was to have been a witness for the government at the trial, and that he had been killed on the date mentioned. We see no prejudice in the court's handling of the matter.

Error is claimed in the denial of a motion for a new trial. Motions of that nature are addressed to the sound discretion of the trial court and we are satisfied that there was no abuse of discretion in this instance. Compare Cavness v. United States, 9 Cir., 187 F.2d 719.

Affirmed.