Louis E. WOLCHER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14919.

United States Court of Appeals Ninth Circuit.

May 15, 1956.

Rehearing Denied June 15, 1956.

Gersh, who, appellant claimed, acted as Wolcher's agent in obtaining liquor.

Two affidavits were presented to the trial court in support of the motion for new trial. One Edwin Corriston deposed that he was in the business of operating "amusement machines;" that he was an old friend of appellant and said Gersh; that in the spring of 1943 he met Gersh in New York City and Gersh then and there told him that he, Gersh, was looking for a contact in the liquor business who could obtain black market liquor for appellant; that he, Corriston, suggested contacts to Gersh and on one occasion witnessed payment by Gersh to one such contact of $10,000 as part of a black market liquor purchase; that he, Corriston, did not reveal his knowledge of the transactions to appellant until after the second trial because of his reluctance to get involved in a criminal case.

Appellant contends that the new evidence outlined in the affidavit if introduced in a new trial would corroborate Wolcher's testimony in a vital aspect of the case, to wit, that Wolcher did remit to Gersh moneys to be used in the purchase of black market liquor.

One important reason such alleged newly discovered evidence is insufficient to move the trial court to exercise its discretion in favor of granting a new trial is that such evidence would be inadmissible for the purpose intended, although appellant argues strenuously to the contrary. That the alleged testimony on its face is hearsay is conceded by appellant, but, he argues, it would nevertheless be admissible under an exception to the hearsay rule, in that it would be within the res gestae, in the sense of constituting verbal acts or verbal portions of acts. In our opinion appellant's argument stretches the exception beyond its accepted use. We think it is not an oversimplification to hold that, in applying the exception to the facts here, the line of demarcation is that if the purpose was

Leo R. Friedman, San Francisco, Cal., Harold Leventhal, Washington, D. C., for appellant.

Lloyd H. Burke, U. S. Atty., Robert H. Schnacke, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

This case has been before us on two previous occasions. For a detailed statement of the facts we refer those who may be interested to 200 F.2d 493 and 218 F.2d 505. The case is now before us on appeal from a denial by the trial court of a motion for a new trial on the ground of newly discovered evidence.

■ We approach the consideration of this appeal with the thought in mind that, "a trial judge's order denying a motion for a new trial on an appraisal of newly discovered evidence should remain undisturbed 'except for most extraordinary circumstances'. United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 466, 90 L.Ed. 562." [1]

■ The defense relied on by appellant to the charge made in the indictment of failing to report profits alleged to have been made in the course of black market liquor operations was simply that *he made no profits*. While freely admitting that he collected large sums "under the table" in excess of the legitimate O. P. A. prices appellant testified that he paid out all over ceiling prices collected in order to obtain black market liquor. The over ceiling money collected by appellant, so he testified, was paid to one

---

1. The quotation is from the opinion of Mr. Justice Douglas, 76 S.Ct. 254, 255, filed December 31, 1955, accompanying an order granting bail pending appeal in the instant case.

to establish that Gersh made the statements attributed to him perhaps the exception would apply, but, as here, where the probative value lies in an attempt to establish that the statement made by Gersh was true, then the Corriston statement is hearsay.

■ Statements constituting verbal acts or verbal portions of acts are admissible only where the fact that the statement was made is the significant matter sought to be proved. Here, however, the attempt would be to introduce Corriston's testimony as to Gersh's statement to establish the truth of what Gersh said, which purpose is not within the res gestae exception. We find support for this conclusion in VI Wigmore on Evidence, third edition, §§ 1766–1792, see particularly §§ 1772–1776.[2]

Another ground advanced by appellant as supporting the admissibility of the so called newly discovered evidence is that it comes within the exception relating to admissions of a co-conspirator in pursuance of a conspiracy. This exception to the hearsay rule, insofar as we are advised has never been allowed in favor of a defendant. It has been applied consistently in favor of the prosecution. But, argues appellant, if evidence is admissible for the prosecution why should it not be so for the defense?

■ The co-conspirator's assertion doctrine has developed as a reasonable extension of the rule excepting admissions of a party from the hearsay prohibitions, IV Wigmore, § 1079. As was said by the Supreme Court in the case of Lutwak v. United States, 344 U.S. 604, 617, 73 S.Ct. 481, 489, 97 L.Ed. 593, "Declarations of one conspirator may be used against the other conspirator not present on the theory that the declarant is the agent of the other, and the admissions of one are admissible against both under a standard exception to the hearsay rule applicable to the statements of a party. Clune v. United States, 159 U.S. 590, 593, 16 S.Ct. 125, 126, 40 L.Ed. 269."

■ The rationale of the exception is that such assertions constitute vicarious admissions chargeable against all conspirators, IV Wigmore, § 1049. As in other instances of admissions by a party or his agent acting within the scope of his authority the statements are admissible against the declarant, but it is well established that the latter may not, when it suits his advantage, avail himself of them their hearsay character notwithstanding.[3]

■ Other so called newly discovered evidence is detailed in an affidavit of one Murray M. Chotiner who was defense counsel at appellant's trial. Mr. Chotiner's affidavit states that he held a conference with the United States Attorney on December 19, 1953, which date was subsequent to appellant's conviction, at which conference the United States At-

2. The cases on which appellant relies for his contrary contention are distinguishable: Travelers Insurance Co. v. Mosley, 8 Wall. 397, 75 U.S. 397, 19 L.Ed. 437, involved the spontaneous exclamation rule; St. Clair v. United States, 154 U.S. 134, 14 S.Ct. 1002, 38 L.Ed. 936, involved the use of a conspirator's admission against a co-conspirator; Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706, was based on the exception in favor of statements of present intent admissible to show a state of mind.

3. The only case cited to us or discovered by our research in which a contention was made that admissions of a co-conspirator uttered in the course of the conspiracy should be received in evidence on his behalf is the case of Nothaf v. State, 91 Tex.Cr.R. 378, 239 S.W. 215, 23 A.L.R. 1374. The contention was rejected. Appellant claims to find support for his contention in the law of agency wherein, he states, "It is clear that the declarations of his agent made in the course of a transaction are admissible in evidence as part of the res gestae whether offered for or against the principal. 32 C.J.S., Evidence, § 410." The cited section does not support appellant's statement. See IV Wigmore, § 1078 to the contrary.

torney stated in substance and effect as follows:

"We have evidence that the money Wolcher paid to Gersh was passed on to people very high in the syndicate, who had no relation or contact with Wolcher, with very little, if any, of the money being retained by Gersh."

and further,

"If all the money collected by Wolcher were for payment of the liquor, he is innocent of tax evasion."

By counter affidavit the United States Attorney informed the court that whereas he did not recall whether or not he had made the quoted statements, if he had made them it was in the course of a conversation and in a context from which it must have been clear to Mr. Chotiner that the term "evidence" was used to refer to "all information whether the result of speculation, rumor, suspicion or otherwise * * *" rather than in the strict legal meaning of the word. The counter affidavit further asserts, and it is not denied, that a Mr. Friedman, appellant's former counsel, had been advised by the Government of the same matters at an earlier date.

On this point suffice it to say that the alleged newly discovered evidence related in the Chotiner affidavit is no more material than the alleged Corriston statement, see discussion infra. Though it be shown that "the money paid to Gersh was passed on to people very high in the syndicate who had no relation or contact with Wolcher, with very little of the money being retained by Gersh," this in no way corroborates Wolcher's testimony on the crucial point of whether Wolcher's black market operations netted a profit. Furthermore, the unrefuted statement in the United States Attorney's affidavit that he had made the same disclosure to Mr. Friedman of counsel for appellant

destroys the newly discovered claim as to said evidence.

Further, even should the matter contained in the affidavits be deemed admissible in the event of a new trial, no "extraordinary circumstances" appear as to require this court to disturb the discretion exercised by the trial judge in denying the motion. Appellant has been twice convicted. The last trial was before the trial judge who denied the instant motion.

■■■ On motion for a new trial on the grounds of newly discovered evidence it is incumbent upon the moving party to offer new matter which, if true, would probably produce an acquittal, Balestreri v. United States, 9 Cir., 224 F.2d 915, United States v. Johnson, 7 Cir., 1944, 142 F.2d 588. In assessing the probative value of proffered new evidence the district judge, if he presided at the trial of the case, may exercise his discretion in the light of the understanding of the case he gained at the trial, Balestreri v. United States, supra.

■ The proposed new evidence would at most corroborate appellant's story as to the disposition of but a portion of the black market money admittedly received, leaving a large amount unaccounted for except by appellant's testimony. A showing of failure to report a lesser amount than charged would support a conviction.[4] Two juries failed to credit appellant's implausible story wherein he pictures himself as a "good fellow" daily running the risk of fine and imprisonment in illegally receiving some $200,000 without any of it "sticking to his fingers," his assertion that he did so in order to obtain liquor for his own taverns, notwithstanding.

The exercise of a sound discretion would dictate that no different result would be reached at a new trial.

Judgment affirmed.

4. Once the prosecution has established unreported receipts the defense has the burden of producing evidence to support its claim of deductions, United States v. Bender, 7 Cir., 1955, 218 F.2d 869, United States v. Link, 3 Cir., 1952, 202 F.2d 592.