**Bernard BLOCH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15066.**

United States Court of Appeals
Ninth Circuit.

Dec. 4, 1956.

Rehearing Denied Jan. 14, 1957.

Morris Lavine, Los Angeles, Cal., McKesson & Renaud, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Robert S. Murlless, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HEALY, LEMMON and FEE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order denying a motion for a new trial.

The case, which involved charges of unlawful acquisition and sale of narcotics, was here at an earlier time on appeal from the judgment of conviction. We affirmed the judgment, 9 Cir., 226 F.2d 185. Subsequent to our affirmance appellant filed his present motion, predicated largely on a claim or claims of newly discovered evidence.

The government's chief witness on the trial was a Mr. Cantu, an agent of the Federal Bureau of Narcotics. He testified that in making his first purchase of narcotics from appellant he represented to the latter that he desired to obtain the drugs for girls (prostitutes) whom he stated he had in his employ. On that occasion—the date being September 24, 1953—one Hernandez, an addict and government informer, was present, having gone with Cantu to appellant's office and introduced him to appellant. Hernandez was subpenaed by the government as a witness on the trial but was not called to testify. Appellant did not subpena Hernandez nor call him to the stand.

In support of his motion for a new trial appellant produced an affidavit of Hernandez controverting Cantu's testimony as to his having told appellant that he desired the narcotics for girls. Hernandez further deposed that he was under government instructions not to cooperate with appellant's counsel, and that during the course of the trial, he, Hernandez, "was secreted in a room in the Federal court house," and was instructed not to discuss the case with any person.

In opposition to the motion the Assistant United States Attorney in charge of the prosecution presented his affidavit that Hernandez was not secreted nor sequestered during the trial and that in fact he observed Hernandez in open court on one of the three days during which the trial was in progress. Addicts are notoriously unreliable as witnesses, and the government's failure to call Hernandez is understandable. Appellant himself, while denying that Cantu ever approached him for narcotics for girls, stated that in the course of one of his visits from Cantu the latter spoke of his having three girls working for him and that "he took care of these girls too." The large quantity of narcotics shown to have been purchased of appellant by Cantu during a period of less than sixty days would appear in itself to indicate to one as experienced as appellant that the purchases were for more than a single person.

Moreover, as noted by this court on the appeal from the conviction, a government agent, Ross, testified that he made an examination of the patient cards received from appellant and did not find any in the name of Cantu.

The grant or denial of a motion for a new trial on grounds of newly discovered evidence rests in the sound discretion of the trial judge. Here, assuming the more than doubtful proposition that "newly discovered" evidence is involved, we are satisfied that the trial court's ruling had ample warrant in the record.

Appellant seeks again to raise two points which were passed upon and rejected by this court on the appeal from the judgment of conviction. The first of these is the asserted prejudicial misconduct of the United States Attorney in asking appellant whether he had ever been convicted of a felony, to which question appellant's answer was "yes. But it is up on appeal." Between the time of the trial of the present case and our affirmance of the conviction in it, the appeal in the earlier case in which appellant had been convicted reached this court and the conviction was reversed. See Bloch v. United States, 9 Cir., 221 F.2d 786, decided April 11, 1955. Our opinion affirming the conviction in the present case was not handed down until six months later. It appears to be assumed by counsel for appellant that the court was unaware of the reversal. The assumption is wholly unwarranted. Language in the opinion clearly indicates the contrary, and it may be added that one of the judges of this court (Judge Pope) participated in the decision of both cases.

The remaining point sought to be made is that of asserted "unlawful entrapment," the argument being based on the affidavit of Hernandez. As already indicated, the argument predicated on "entrapment" was considered at length on the appeal from the conviction and was rejected by the court.

Affirmed.