William Daniel STRAIGHT, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15997.**

United States Court of Appeals
Ninth Circuit.

Jan. 30, 1959.

---

8. See cases cited in footnote 5.

Quincy Benton, Homer, Alaska, for appellant.

William T. Plummer, U. S. Atty., George N. Hayes, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before MATHEWS, HEALY and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

On March 15, 1957, in the District Court for the Territory of Alaska, Third Division, appellant, William Daniel Straight, was indicted under §§ 65–4–12 and 65–4–13 of Alaska Compiled Laws Annotated 1949,[1] for raping his fourteen-year-old daughter, hereafter called the prosecutrix, at some time between August 20, 1956, and September 20, 1956. Appellant was arraigned, pleaded not guilty, had a jury trial and was found guilty as charged. Appellant moved for a new trial. The District Court denied that motion and, on July 30, 1957, entered a judgment sentencing appellant to be imprisoned for nine years. This appeal is from that judgment.

Nine alleged errors are specified.[2] Specification 1 is that the District Court erred in denying a motion for a mistrial said to have been made by appellant after the prosecutrix "answered to the effect that she had taken a lie-de-

---

1. At all pertinent times, § 65–4–12 provided: "That whoever has carnal knowledge of a female person, forcibly and against her will, or, being sixteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape." At all pertinent times prior to March 26, 1957, § 65–4–13 provided: "That any person over nineteen years of age convicted of rape upon his daughter * * * shall be imprisoned in the penitentiary during life; * * * * " Laws 1951, c. 2. On and after March 26, 1957, § 65–4–13 provided: "That any person over nineteen years of age convicted of rape upon his daughter * * * shall be imprisoned in the penitentiary for any term of years; * * * * "

2. Our Rule 18 (formerly Rule 20) requires of every appellant a brief containing, inter alia, "a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged."

tector test." Actually, the prosecutrix did not so answer. She testified that she was born on May 14, 1942, that appellant was her father, and that she had sexual intercourse with him on a Saturday night in the 1956 moose hunting season.[3] After so testifying, she was asked the following question: "When did you first tell anybody all the details about this?" To this question she made the following answer: "The lie detective man." [4] Thereupon appellant's counsel [5] made two motions—a motion to strike the answer [6] and a motion for a mistrial. The motion to strike was granted, and the jury was instructed not to consider the answer. The motion for a mistrial was denied. That motion was based on two assumptions—(1) that the answer was to the effect that the prosecutrix had taken a "lie-detector test," and (2) that the answer made it impossible for appellant to have a fair trial, even if the answer was stricken (as it was) and even if the jury was instructed (as it was) not to consider the answer. These assumptions were unwarranted. Hence the motion for a mistrial was properly denied.

■ Specification 2 reads as follows: "The [District] Court erred in allowing the case to go to the jury on the ground that in a trial involving a sex offense, the complaining witness should be examined by a doctor and a psychiatrist." [7] The question thus attempted to be raised was not raised in the District Court. There was no motion for a judgment of acquittal,[8] nor any basis for such a motion. Submission of the case to the jury was amply warranted by the evidence. Examination of the prosecutrix by a doctor or psychiatrist was not a prerequisite to such submission.

■ Specifications 3, 4, 5, 6 and 7 relate to the District Court's charge to the jury. In specifications 3, 4 and 5, portions of the charge are specified as error. In specifications 6 and 7, omissions from the charge are specified as error. Appellant did not, before the jury retired to consider its verdict, object to any portion of the charge or to any omission therefrom. In short, he failed to comply with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Hence we are not required to consider these specifications.[9] We are not here confronted with an extraordinary situation such as would justify a disregard of Rule 30.[10] We therefore decline to disregard it.

■ Specification 8 is that "The [District] Court erred in denying the motion for a new trial on the grounds mentioned therein." That motion was addressed to the District Court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[11] The record shows no abuse of that discretion.

■ Specification 9 is, in substance, that the District Court erred in not de-

3. The season began on August 20, 1956, and ended on September 20, 1956.

4. Nowhere in her testimony did the prosecutrix mention or refer to a "lie-detector test." Much less did she claim to have taken such a test.

5. Not his present counsel.

6. Appellant's counsel stated: "Now, the answer is, of course, highly prejudicial to the defendant and I ask permission of the court at this time to enter my objection and to ask the court to instruct the jury to disregard the answer." This statement was treated as a motion to strike the answer.

7. Whether any doctor or psychiatrist examined the prosecutrix the record does not show.

8. See Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

9. Shockley v. United States, 9 Cir., 166 F.2d 704; Ziegler v. United States, 9 Cir., 174 F.2d 439; Nemec v. United States, 9 Cir., 178 F.2d 656; Enriquez v. United States, 9 Cir., 188 F.2d 313; Brown v. United States, 9 Cir., 201 F.2d 767; Brown v. United States, 9 Cir., 222 F.2d 293; Gresham v. United States, 9 Cir., 232 F.2d 927; Herzog v. United States, 9 Cir., 235 F.2d 664; Pool v. United States, 9 Cir., 260 F.2d 57; Stapleton v. United States, 9 Cir., 260 F.2d 415.

10. Cf. Herzog v. United States, supra, 235 F.2d at page 668.

11. Gage v. United States, 9 Cir., 167 F.2d 122; Eagleston v. United States,

claring a mistrial or ordering a new trial on two grounds—(1) that "No judge should ever allow a sex-offense charge to go to the jury unless the female complainant's social history and mental makeup have been examined and testified to by a qualified physician;" [12] and (2) that appellant's counsel apparently lacked familiarity with, or neglected or failed to avail appellant of, the rules of evidence pertaining to the cross-examination of the prosecutrix. Appellant never moved for a mistrial or a new trial on either of these grounds. Hence this specification presents nothing for review.

Judgment affirmed.

9 Cir., 172 F.2d 194; Grover v. United States, 9 Cir., 183 F.2d 650; Adams v. United States, 9 Cir., 191 F.2d 206; Balestreri v. United States, 9 Cir., 224 F.2d 915; Steiner v. United States, 9 Cir., 229 F.2d 745, 749; Bloch v. United States, 9 Cir., 238 F.2d 631; Pool v.

United States, supra; Pitts v. United States, 9 Cir., 263 F.2d 808.

12. Whether any physician examined the prosecutrix's "social history and mental makeup" the record does not show. No physician testified at the trial.