George NAVAL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16671.

United States Court of Appeals
Ninth Circuit.

May 25, 1960.

Joseph Jedeikin, John Mitchell, San Francisco, Cal., for appellant.

Lynn J. Gillard, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, MATHEWS and MERRILL, Circuit Judges.

MATHEWS, Circuit Judge.

On September 30, 1959, in the United States District Court for the Northern District of California, Southern Division, appellant, George Naval, was indicted for violating 21 U.S.C.A. § 174.[1]

█ The indictment was in three counts. Count 1 alleged that appellant, on or about August 18, 1959, in San Francisco, California, "did fraudulently and knowingly sell and facilitate the sale of approximately one gram of heroin," [2] and that "the said heroin had been imported into the United States of America contrary to law as [appellant] then and there well knew." Counts 2 and 3 were similar to count 1, except that counts 2 and 3 charged offenses committed on or about August 19, 1959, instead of August 18, 1959.

█ Appellant was arraigned, pleaded not guilty and filed a motion for a bill of particulars. That motion was granted in part and denied in part. Thereafter appellant had a jury trial. At the close of the evidence offered by the Government, appellant moved for a directed verdict.[3] That motion was treated as a motion for a judgment of acquittal and was denied. No evidence was offered by appellant. A verdict was rendered finding

1. Section 174 provides:
"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or * * * sells, or in any manner facilitates the * * * sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * * shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *
"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

2. Heroin is a derivative of opium and hence is a narcotic drug, within the meaning of 21 U.S.C.A. § 174. See 21 U.S.C.A. § 171(a); 26 U.S.C.A. §§ 4731(a), 7851(a) (5), 7852(b).

3. Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which has been in effect since March 21, 1946, provides: "Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. * * *"

appellant guilty on each count of the indictment. Thereafter, appellant filed a motion for a judgment of acquittal or, in the alternative, a new trial. That motion was denied, and a judgment of conviction was entered sentencing appellant to be imprisoned for five years on each count, the sentences to run concurrently. This appeal is from that judgment.

Appellant's brief contains five specifications of error.[4] These will be dealt with in such order as may seem to us convenient.

Specification 3 is that the District Court "erred in failing to grant appellant's motion for the bill of particulars, in the matters requested and specified therein," meaning, we suppose, that the District Court erred in denying, in part, the motion for a bill of particulars. The motion sought disclosure of the following matters:

"(1) Name and address of any Government informer or special employees to whom [appellant] allegedly sold the drugs in question as pertaining to each of the three counts of the indictment.

"(2) Name and address of any person, other than Government informer or special employees, to whom [appellant] allegedly sold the narcotics in question as pertaining to each of the three counts of the indictment.

"(3) Name and address of any Government informers or special employees upon whose information [appellant] was searched, seized or arrested, as pertaining to each of said three counts.

"(4) Designation by street and number, if possible, the place where the sales occurred with respect to each of said three counts.

"(5) Designation of the exact or approximate times of day, if possible, when the alleged sales occurred

with respect to each of said three counts.

"(6) If it is claimed that [appellant] did not sell any drugs under any of the three indictments,[5] but merely facilitated such sale, the names of persons who sold the drugs as allegedly facilitated by [appellant]."

The motion was granted as to paragraphs (4) and (5), supra, and was denied as to paragraphs (1), (2), (3) and (6), supra.

■ The trial began on October 19, 1959, and ended on October 21, 1959. In his opening statement to the jury, Assistant United States Attorney Bernard A. Petrie stated, in substance, that the Government would prove that the sales mentioned in the indictment were made by appellant to David Poggi,[6] a special employee of the Federal Bureau of Narcotics. Thereafter, on October 19, 1959, while testifying at the trial, a Government witness, Federal Narcotics Agent Robert Nickoloff, disclosed Poggi's address—842 Elizabeth Street, San Francisco, California. Appellant did not, on October 19, 1959, or at all, seek a continuance to enable him or his counsel to interview Poggi or for any other purpose. His failure to do so indicates that he was not prejudiced by the denial of the motion as to paragraph (1).

■ There was no proof, nor any attempt to prove, that any of the sales mentioned in the indictment was made to any person other than Poggi. Hence appellant was not prejudiced by the denial of the motion as to paragraph (2).

■ The record does not show that appellant was searched, seized or arrested upon information obtained from or furnished by any Government informer or special employee. Hence it cannot be said that appellant was prejudiced by the denial of the motion as to paragraph (3).

4. See our Rule 18, 28 U.S.C.A.

5. Meaning, we suppose, the three counts. There was only one indictment.

6. Poggi was not called as a witness and, so far as the record shows, was not present at the trial.

■ ˙ The Government never made the claim mentioned in paragraph (6). Hence appellant was not prejudiced by the denial of the motion as to that paragraph.

■ Since appellant does not appear to have been prejudiced by the alleged error mentioned in specification 3, further consideration thereof is unnecessary.

■ Specification 4 is that the District Court "erred in admitting in evidence [a] telephone conversation between a person named Poggi, who never testified, and another person, allegedly [appellant], where the identity of that other person was never established." This specification relates to the admission of evidence, but does not, as required by our Rule 18, 28 U.S.C.A., quote the grounds, if any, urged at the trial for the objection, if any, and the full substance of the evidence admitted, nor does it, as required by our Rule 18, refer to the page of the transcript where the same may be found. Hence we are not required to consider this specification.[7] However, we have considered it and find no merit in it.

■ Specification 1 is that the District Court "erred in failing to grant the appellant's motion for directed verdict," a motion which, as said above, was treated as a motion for a judgment of acquittal.[8] The stated ground of the motion was, in substance, that the evidence was insufficient to sustain a conviction of appellant on any count of the indictment. There was substantial evidence to the following effect:

On August 18, 1959, in San Francisco, California, appellant had possession of 1.6 grams of heroin, delivered it to Poggi and received from Poggi $100. On August 19, 1959, in San Francisco, California, appellant had possession of 1.2 grams of heroin, delivered it to Poggi and received from Poggi $80. Thereafter, on August 19, 1959, in San Francisco, California, appellant had possession of 1.2 grams of heroin, delivered it to Poggi and received from Poggi $80.

Appellant's possession of the heroin was not explained. Hence the evidence was sufficient to sustain a conviction of appellant on each count of the indictment.[9]

■ Specification 5 is that the District Court "erred in instructing the jury on the law of circumstantial evidence,[10] in that the Court's instruction was not worded so as to convey a rational meaning." [11] This specification does not, as required by our Rule 18, 28 U.S.C.A., set out the instruction referred to totidem verbis, together with the grounds of the objections, if any, urged at the trial. Hence we are not required to consider this specification.[12] However, we have considered it and find no merit in it.

■ Specification 2 is that the District Court "erred in failing to grant the appellant's motion for judgment of acquittal or, in the alternative, new trial." In so far as it sought a judgment of acquittal, the motion attempted to raise again the question of the sufficiency of the evidence to sustain a conviction of appellant—a question heretofore considered in this opinion. Further consideration thereof is unnecessary. In

7. Ziegler v. United States, 9 Cir., 174 F.2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448; Du Verney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109; Cly v. United States, 9 Cir., 201 F.2d 806; Gordon v. United States, 9 Cir., 202 F.2d 596; Lee v. United States, 9 Cir., 238 F.2d 341; Elkins v. United States, 9 Cir., 266 F.2d 588.

8. See footnote 3. ˙

9. See the second paragraph of 21 U.S.C.A. § 174.

10. The District Court's charge to the jury contained several instructions on circumstantial evidence.

11. None of the instructions was objected to at the trial on the ground that it was not worded so as to convey a rational meaning.

12. Ziegler v. United States, supra; Mosca v. United States, supra; Du Verney v. United States, supra; Lii v. United States, supra; Cly v. United States, supra; Gordon v. United States, supra; Elkins v. United States, supra.

so far as it sought a new trial, the motion was addressed to the District Court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[13] The record shows no abuse of that discretion.

Judgment affirmed.

13. Gage v. United States, 9 Cir., 167 F. 2d 122; Eagleston v. United States, 9 Cir., 172 F.2d 194; Grover v. United States, 9 Cir., 183 F.2d 650; Adams v. United States, 9 Cir., 191 F.2d 206; Balestreri v. United States, 9 Cir., 224 F.2d 915; Steiner v. United States, 9 Cir.,

229 F.2d 745; Bloch v. United States, 9 Cir., 238 F.2d 631; Pool v. United States, 9 Cir., 260 F.2d 57; Pitts v. United States, 9 Cir., 263 F.2d 808; Straight v. United States, 9 Cir., 263 F.2d 811; Elkins v. United States, supra.