**M. D. MORGAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17512.**

United States Court of Appeals Ninth Circuit.

April 2, 1962.

E. Forrest Sanders and William W. Bivins, Las Cruces, N. M., Greig Scott and Jack C. Cavness, Phoenix, Ariz., for appellant.

C. A. Muecke, U. S. Atty., John E. Lindberg, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before MATHEWS, BARNES and HAMLIN, Circuit Judges.

MATHEWS, Circuit Judge.

On September 19, 1960, in the United States District Court for the District of Arizona, appellant, M. D. Morgan, was indicted in two counts.

Count 1 alleged, in substance, that on or about December 11, 1958, in the District of Arizona, in a matter within the jurisdiction of the United States Department of Agriculture, appellant knowingly and willfully made to David B. Noble, office manager of the Cochise County Agricultural Stabilization and Conservation Committee, a material false statement, namely, a statement to the effect that appellant had produced in 1958, on a farm known as farm No. 86–002–1, a total of 25,665 pounds of upland cotton, which statement was false, in that, as appellant then and there well knew, he had produced on said farm in 1958 27,612 pounds of upland cotton.

Count 2 alleged, in substance, that on or about December 16, 1958, in the District of Arizona, in a matter within the jurisdiction of the United States Department of Agriculture, appellant knowingly and willfully made to Eldon J. Barney, chairman of the committee mentioned in count 1, and David B. Noble, office manager of said committee, a material false statement similar to the statement mentioned in count 1.

Thus each count charged a violation of 18 U.S.C.A. § 1001, which provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States * * * makes any false, fictitious or fraudulent statements or representations * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Appellant was arraigned, pleaded not guilty, waived jury trial and was tried by the court without a jury. At the close of all the evidence, appellant moved for a judgment of acquittal. The court denied the motion and found appellant guilty on each count of the indictment. Appellant moved for a new trial. The court denied the motion and entered a judgment sentencing appellant to be imprisoned for four months and to pay a fine of $10,000. This appeal is from that judgment.

The record on appeal was filed here on August 12, 1961. A statement of the points on which appellant intended to rely [1] was filed here on August 21, 1961. It contains seven numbered paragraphs. Appellant's brief was filed here on November 17, 1961. A subdivision thereof entitled "Specifications of Errors Relied Upon" [2] contains six numbered paragraphs.

One paragraph of the statement of points alleges that the trial court "erred in the admission of exhibits and other evidence." This alleged error is not specified in appellant's brief, has not been urged or argued here and hence is deemed waived. The other six paragraphs of the statement of points are identical with the six paragraphs of the specifications. We shall therefore make no further mention of the statement of points. Paragraphs hereafter

1. See our Rule 17(6), 28 U.S.C.A.

2. See our Rule 18(2), (d), 28 U.S.C.A.

mentioned are paragraphs of the specifications.

■ Paragraphs 1–4 challenge the sufficiency of the evidence to sustain appellant's conviction. There was substantial evidence to the following effect:

At all times mentioned in the indictment, Eldon J. Barney was chairman and David B. Noble was office manager of the committee mentioned in the indictment—a committee which, at all such times, was an agency of the United States Department of Agriculture.[3] At all such times, appellant owned and operated the farm mentioned in the indictment—a farm in Cochise County, Arizona. On his farm, in 1958, he planted to cotton an acreage in excess of his farm's acreage allotment[4] and produced cotton in excess of his farm's marketing quota.[5] He thus became subject to a penalty, the amount of which depended on the extent of such marketing excess.[6] Determination of the extent of such excess was a matter within the jurisdiction of the Department of Agriculture.[7] In making such determination, it was necessary to ascertain how much cotton appellant produced on his farm in 1958. Thus, on or shortly before December 11, 1958, it became the duty of the committee, its chairman (Barney) and its office manager (Noble) to obtain this information. On December 11, 1958, in the District of Arizona, appellant knowingly and willfully made to Noble a statement to the effect that appellant had produced on his farm in 1958 a total of 55 bales (25,665 pounds) of upland cotton. On December 16, 1958, in the District of Arizona, appellant knowingly and willfully made a similar statement to Barney and Noble. As indicated above, both statements were made in a matter within the jurisdiction of the Department of Agriculture. Both were material. Both were false and, when made by appellant, were known by him to be false, in that prior to December 11, 1958, he had produced on his farm in 1958 and had picked and ginned or caused to be picked and ginned 59 bales (27,612 pounds) of upland cotton.[8]

The evidence was clearly sufficient to sustain appellant's conviction.

Attempting to justify the statements made by him on December 11 and 16, 1958, appellant testified, in substance, that for about two weeks in 1958 one Bob Willcox was employed by appellant as a laborer on appellant's farm and, as compensation for such labor, received from appellant four of the 59 bales of cotton mentioned above. The trial court found that that testimony was false[9]—a finding amply supported by evidence. Furthermore, undisputed evidence showed that all the cotton mentioned above was produced by appellant on appellant's farm, none by Willcox there or elsewhere. Therefore the fact—assuming it to be a fact—that Willcox was employed and compensated as testified by appellant could not and did not justify the statements made by appellant on December 11 and 16, 1958.

There was evidence tending to show that the Willcox mentioned in appellant's testimony never existed. However, we have here no occasion to decide whether the Willcox so mentioned did or did not

3. See 7 U.S.C.A. § 1388.

4. See 7 U.S.C.A. § 1344.

5. See 7 U.S.C.A. § 1345.

6. See 7 U.S.C.A. § 1346.

7. See 7 U.S.C.A. §§ 1345 and 1346.

8. The evidence showed a total production of 75 bales on appellant's farm in 1958, 16 bales of which were picked and ginned after December 11, 1958.

9. The trial judge said: "I have a firm conviction, an abiding conviction, that [appellant] made these statements to the Agriculture authorities when they were false, when he knew they were false and when he had the intent to deceive them and profit, to take advantage of the Government by his deceit. I find that. I find further that after they began to catch up with him, then he entered upon this course of explaining the matter by inventing this Box Wilcox proposition in order to avoid the mess he had gotten himself into. I think he persisted in it right down through the trial."

exist; for his existence, if he did exist, could in no way justify the statements made by appellant on December 11 and 16, 1958.

█ The evidence showed that appellant paid in full the penalty to which he became subject;[10] that he paid part of it on December 16, 1958, before the committee discovered that the statements made by him on December 11 and 16, 1958, were false; and that he paid the balance on April 28, 1959, after the committee made that discovery. There was no evidence that the Government suffered any loss or damage as a result of appellant's false statements. That, however, is unimportant; for loss or damage to the Government is not an essential ingredient of the crimes mentioned in 18 U.S.C.A. § 1001.[11]

█ Paragraph 5 specifies as error the denial of the motion for a new trial. The motion was filed on June 30, 1961,[12] 14 days after appellant was found guilty. It was on two stated grounds—(1) newly discovered evidence and (2) insufficiency of the evidence to support appellant's conviction. As to the latter, we have heretofore shown that the evidence was sufficient. Further discussion of that subject is unnecessary.

From the motion and supporting affidavits attached thereto, it appeared that the newly discovered evidence mentioned in the motion was evidence the sole purpose of which was to corroborate testimony of appellant and others taken at the trial. Thus it appeared that the newly discovered evidence was merely cumulative and hence did not warrant the granting of a new trial.[13]

█ Furthermore, the motion was addressed to the trial court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[14] Here no abuse is shown.

Paragraph 6 specifies as error an alleged refusal of the trial court to set aside the judgment. Actually, there was no motion or request to set aside the judgment and hence no refusal to set it aside, nor does the record here disclose any valid reason to set it aside.

█ Paragraph 6 also specifies as error the refusal of the trial court to take testimony of Curtis A. Williams.[15] From statements made by appellant's counsel in requesting the taking of such testimony, it appeared that such testimony was sought for the purpose of corroborating testimony of appellant and others and for no other purpose. Thus it appeared that, if taken, such testimony would be merely cumulative. There was therefore no error in refusing to take it.[16]

Judgment affirmed.

---

10. The penalty so paid was based on, and computed with reference to, appellant's total production of 75 bales of cotton in 1958, including the four bales said to have been received by Willcox.

11. United States v. Hawkins, 6 Cir., 295 F.2d 837; United States v. Myers, D.C. N.D.Cal., 131 F.Supp. 525; United States v. Apex Distributing Co., D.C.R.I., 148 F. Supp. 365. See also United States v. Mellon (1938), 2 Cir., 96 F.2d 462—a prosecution under 18 U.S.C.A., 1934 Ed., § 80, which in 1948 became 18 U.S.C.A. § 1001.

12. On June 30, 1961, the following things occurred in the following order: (1) The motion for a new trial was filed and came on for hearing; (2) the court was requested and refused to take testimony of Curtis A. Williams; (3) the motion for a new trial was heard and denied; (4) the judgment was rendered and entered.

13. Boyd v. United States, 9 Cir., 30 F.2d 900; Gage v. United States, 9 Cir., 167 F.2d 122; Wolcher v. United States, 9 Cir., 233 F.2d 748. See also Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1.

14. Grover v. United States, 9 Cir., 183 F. 2d 650; Steiner v. United States, 9 Cir., 229 F.2d 745; Pitts v. United States, 9 Cir., 263 F.2d 808; Straight v. United States, 9 Cir., 263 F.2d 811; Elkins v. United States, 9 Cir., 266 F.2d 588; Naval v. United States, 9 Cir., 278 F.2d 611.

15. See footnote 12.

16. See cases cited in footnote 13.